# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 3452 | **DATE** | 7/8/2011 |
| **CASE TITLE** | Moore vs. City of Chicago Heights et al | | |

**DOCKET ENTRY TEXT**

Cooper's motion to amend the complaint (Doc. 202) is denied.

■[ For further details see text below.]                                          Docketing to mail notices.

## STATEMENT

 Alvin Perkins murdered his girlfriend Teresa Iacovetti in 2007. Plaintiff Jason Cooper[1] has brought suit on behalf of Iacovetti's estate against the City of Chicago Heights ("the City") and Parole Agent Eric Bradley, alleging that they did not protect Iacovetti after she complained about Perkins on account of her sex in violation of the Equal Protection Clause. (*See* Doc. 1.) Now, after discovery has been closed and in the middle of summary judgment briefing, Cooper seeks to amend the complaint under Rule 15 to add a claim that Agent Bradley violated the Due Process clause when he failed to protect Iacovetti, asserting that Agent Bradley had a "special relationship" with Iacovetti. Cooper asserts that this amendment will not prejudice the City and Agent Bradley because the parties have "implicitly litigated the issue," as reflected in the parties' briefing on summary judgment and on the issue of whether their experts passed muster under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 573 (1993). For the reasons below, the Court denies the motion.

**STANDARD**

 While courts "give freely" leave to amend a complaint, under Rule 15, a court may deny leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or if the amendment would be futile. *See Park v. City of Chi.*, 297 F.3d 606, 612-13 (7th Cir. 2002). Though delay by itself is not sufficient, "the longer the delay, the greater the presumption against granting leave to amend . . . ." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994) (internal citation omitted).

**DISCUSSION**

As the Court has noted previously in this case (*see* Docs. 49, 200), "[g]enerally, there is no constitutional right, either in the due process clause or the equal protection clause, to be protected against being attacked . . . by a member of the general public." *Lowers v. City of Streator*, 627 F. Supp. 244, 246 (N.D. Ill. 1985); *Sandage v. Bd. of Com'rs*, 548 F.3d 595, 596 (7th Cir. 2008) ("there is no constitutional right to be protected by the state against being murdered by criminals or madmen."). However, there is an exception to general rule where the state has a "special relationship" with the plaintiff. *King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007).

Here, there is both undue prejudice to Agent Bradley and undue delay. Cooper asserts that the parties have "implicitly litigated [the due process issue] as reflected in the defendants' *Daubert* and summary judgment motions" and that the parties "explored the issue" in discovery. However, the defendants have been operating on the assumption that only equal protection was at issue in this case since the beginning. Indeed, the Court denied the City's motion to dismiss on the grounds that Cooper had stated a claim for equal protection, and had not brought a due process claim. (*See* Doc. 49 ("Doe 1 and Chicago Heights misunderstand Moore's Complaint, which alleges a violation of the Equal Protection Clause.").)

Contrary to Cooper's suggestion, Agent Bradley's summary judgment and *Daubert* briefs do not reflect that the parties had a full opportunity to litigate the due process issue in the midst of the equal protection discovery. Indeed, Cooper's motion mentions only that the parties "explored the issue." Agent Bradley, the defendant against whom Cooper is trying to add the claim, does not mention a due process claim or any special relationship in his summary judgment brief. (*See* Doc. 193.) Agent Bradley's *Daubert* motion states that one of the plaintiffs' experts mentioned a "special relationship," but only to make it clear that the term does not apply in a equal protection case. (*See* Doc. 173.) The expert tried to suggest that "special relationship" had only sociological—not legal—meaning. (See Doc. 200.) The Court struck that opinion, again reiterating due process was not at issue here, finding the expert "could confuse the jury by suggesting that this case concerns denial of Iacovetti's due process rights or that Defendants had an affirmative and general duty to protect her." (Doc. 200.) Perhaps if Agent Bradley was on notice that Cooper would be bringing a due process claim, he would have retained an expert to opine on the special relationship issue.

As for undue delay, at the parties status hearing on June 20, 2011, counsel for Cooper stated that the proposed amendment was based on Agent Bradley's deposition. That deposition occurred 15 months ago, in March 2010. (*See* Doc. 213-2.) Cooper offers no explanation why he waited 15 months to ask to amend his complaint. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. Ill. 1996)("Especially when the motion is filed long after the original complaint was filed . . . and is based solely on a document that the movant had discovered more than a year earlier, the court is entitled to demand reasons for thinking that the denial of the motion would work a serious injustice."). If he had moved to amend the complaint promptly, the parties could have included this claim as part of their discovery, and no prejudice would result.

**CONCLUSION**

## STATEMENT

For the foregoing reasons, Cooper's motion to amend the complaint (Doc. 202) is denied.

1.Phyllis Moore was previously the plaintiff in this case.